Henry Farris's Ex'r *v.* Emly Rowland, et al.

**Attachment.**
> After the discharge of the first attachment and no new cause of attachment being shown, the issuance of a second attachment by the clerk is unauthorized and void.

**Dismissal of Attachment.**
> The clerk cannot revise the ruling of the court dismissing an attachment by issuing another attachment upon the same record which the court had decided did not authorize it.

APPEAL FROM FAYETTE CIRCUIT COURT.

December 5, 1876.

Opinion by Judge Cofer:

The discharge of the first attachment was a decision by the court that grounds for an attachment had not been made out, and as no new pleading was filed, and no step was taken afterwards that could furnish any ground or authority for an attachment that did not exist when the first attachment was discharged, we are of the opinion that the second attachment was issued without authority, and that it should have been discharged and the petition dismissed on the final hearing. It will not do to say that after a decision by the court that no grounds exist for an attachment, the clerk may afterward issue another attachment upon the record which the court has decided did not authorize it. To so hold would be practically to allow an appeal to the clerk from the decision of the court.

Whether the first attachment was properly discharged is not a

question we are now called upon to decide. If it was erroneous the law pointed out the mode of correcting it, and that mode not having been pursued within the time prescribed by law the order became final, so far as the first attachment was concerned until reserved by this court. We do not mean to decide that the court might not have ordered another attachment to issue, or that the appellees might not, by filing an amended petition setting up the fact that Bullock held a fund belonging to the appellant, have obtained an attachment against that fund. All we mean to decide is that the clerk could not virtually revise the ruling of the court by issuing an attachment upon the same record which the court had decided did not authorize it.

This view of the case renders it unnecessary to decide whether the fund in Bullock's hands can be attached by the appellees. The judgment is *reversed,* and the cause is remanded with directions to dismiss the petition and discharge the attachment.

*Breckenridge & Shelby, for appellant.*
*Morton & Parker, for appellees.*